# EXHIBIT B



*Filed and Attested by the Office of Judicial Records 17 OCT 2024 01:24 am S. GILLIAM*

Jon Marshall
Identification No. #52299                          Attorney for Plaintiff
7930-32 Oxford Avenue                              Not an arbitration case;
Philadelphia, PA 19111-2225                        Assessment of Damages required
(215)-725-6600

|  |  |  |
|---|---|---|
| Estate of Vincenzo Rudi | : | PHILADELPHIA COUNTY |
| 1137 Wolf Street | : | COURT OF COMMON PLEAS |
| Philadelphia, PA 19148, | : | TRIAL DIVISION |
| & | : |  |
| Dominic & Sandra Rudi | : |  |
| 1137 Wolf Street | : |  |
| Philadelphia, PA 19148 | : | January Term 2024 |
| Plaintiff, | : | No. 345 |
| vs. | : |  |
| City of Philadelphia | : |  |
| c/o Law Department | : |  |
| 1515 Arch St, 14th Floor | : |  |
| Philadelphia Pa 19107, | : |  |
| & | : |  |
| Unknown Officer No. 1 | : |  |
| c/o Law Department | : |  |
| 1515 Arch St, 14th Floor | : |  |
| Philadelphia Pa 19107, | : |  |
| Defendants. | : | Civil Action |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty days (20) after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed against you and a judgment may be entered against you by the court without further notice for any money claimed in this complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION -
LAWYER REFERRAL AND INFORMATION SERVICE
ONE READING CENTER
PHILADELPHIA, PENNSYLVANIA
TELEPHONE: (215)-238-1701

### ADVISO

Le han demandado a usted en la corta. Si usted quire defenderse de estas demandas expuestas en las paginas siguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corta en forma escrita sus defenses o sus objeciones a las demandas en contra de su parsons. See avisado que si usted no se defiende, la corte tornara medidas y puede continuar la demanda en contra auya sin previo aviso o notificacion. Ademas le corte puede decidir o favor del demandanta y require que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedodes u ostros derechos importantes para usted.

-

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DI FILADELFI
- SERVICIO DI REFERENCIA E INFORMACION LEGAL
ONE READING CENTER
FILADELFIA, PENNSYLVANIA, 19107
TELEPHONO: (215)-238-1701

Jon Marshall
Identification No. #52299                          Attorney for Plaintiff
7930-32 Oxford Avenue                              Not an arbitration case;
Philadelphia, PA 19111-2225                        Assessment of Damages required
(215)-725-6600
                            :   PHILADELPHIA COUNTY
Estate of Vincenzo Rudi                 :   COURT OF COMMON PLEAS
1137 Wolf Street                        :   TRIAL DIVISION
Philadelphia, PA 19148,             :
         &                        :
Dominic & Sandra Rudi            :   January Term 2024
1137 Wolf Street                        :   No. 345
Philadelphia, PA 19148              :
                      Plaintiff,   :
         vs.                      :
City of Philadelphia                 :
c/o Law Department               :
1515 Arch St, 14th Floor           :
Philadelphia Pa 19107,            :
         &                        :
Unknown Officer No. 1            :
c/o Law Department               :
1515 Arch St, 14th Floor           :
Philadelphia Pa 19107,            :
                   Defendants.   :   Civil Action

## <u>COMPLAINT</u>

    1.     Plaintiff, Estate of Vincenzo Rudi (hereinafter referred to as "the decedent"), is the

estate of the late Vincenzo Rudi in the Commonwealth of Pennsylvania recorded at the Philadelphia

Register of Wills with its address is 1137 Wolf Street in Philadelphia, Pennsylvania.

    2.     Plaintiffs Domenic & Sandra Rudi are the parents of the late Vencenzio Rudi having

their address 1137 Wolf Street in Philadelphia, Pa. and are the heirs and wrongful death beneficiaries

Case ID: 240100345

of the decedent with defendant Domenic Rudi the personal representative of the Estate of Vincenzo Rudi as appointed by the Register of Wills for Philadelphia county.

      3.     Defendant City of Philadelphia is at all times mentioned a City of the 1st Class in the Commonwealth of Pennsylvania that owns and operates its own police department.

      4.     Defendant Unknown Officer No. 1 is a police officer at all times hereunder within the employ of defendant City of Philadelphia and was on work duty acting within the scope of his employment for the City of Philadelphia at all times hereunder.

      5.     Defendant Unknown Officer No. 1 has been sued under a fictitious name since as of the filing of this matter his name was unknown to the plaintiff.  When his true name and capacity is ascertained plaintiff will seek to amend this complaint by inserting the true name of said officer. Plaintiff is informed and believes and therefore alleges this defendant is responsible in some manner for the occurrences alleged and that plaintiff's damages as alleged were proximately caused by this defendant.

      6.     At no time during his lifetime did decedent bring an action to recover damages for his personal injuries and no other action has been commenced to recover damages for his death.

      7.     Plaintiff brings this action under 20 Pa.C.S. 3373 land 42 Pa.C.S. 8302 as well as 42 Pa.C.S. 8301 and Pa. R.C.P.  2202(a) and the applicable rules of Civil Procedure and decisional law as a survival action and a wrongful death action.

      8.     Plaintiff also brings this action pursuant to 42 U.S.C.A. 1983 and 42 U.S.C.1988(b) as well as common law.

      9.     At all times hereunder the actions of defendant Police Officer no. 1 were desired to bring about the result that followed or said officer at least was aware that said result was substantially certain to follow.

Case ID: 240100345

10.    Shortly after 6 PM on January 4, 2022, Defendant Unknown Officer No. 1 in his employ with defendant City of Philadelphia acting in his employ and in the scope of his official duties at the address 1935 S. Bancroft Street in Philadelphia, Pennsylvania attempting to arrest the decedent (presumably pursuant to an arrest warrant) fired his Sig Saur M400 rifle wherein decedent was shot behind a vehicle in the back of decedent's car repair garage after the entrance to said car repair garage was breached (door broken in) by accompanying police officers.

11.    Decedent was pronounced dead at Jefferson University Hospital at 6:38 PM on 1/4/2022.

12.    There was no indication said Unknown Officer no. 1 attempted to talk to the decedent for the purposes of effectuating the arrest prior to shooting the decedent.

13.    Information was given to the police as to the mental health of the decedent prior to initiating the arrest with a request this be taken into account at all times thereafter.

14.    Plaintiff also believes the police did not take into account the mental health of said decedent in effectuating the arrest.

15.    It is also understood by plaintiff the decedent possessed a firearm and attempted to fire it once from the back of his garage before said Unknown Officer no. 1 returned fire.

16.    At no time did Unknown Officer No. 1 attempt to talk to decedent or negotiate with him to drop his firearm even though the decedent was in the back of a building and the acting officer was in the front doorway.

17.    Since Unknown Officer no.1 was in the doorway/outside decedent's auto repair garage with other SWAT officers Unknown Officer No. 1 did not at the time he fired his Sig Saur M400 rifle need to use deadly force to protect himself from death or serious bodily injury.

18.    It is believed Unknown Officer no. 1 fired at least twenty (20 ) shots at the decedent.

–3–

Case ID: 240100345

19.     Defendant officer's actions under color of law as an employee/servant/agent of the City of Philadelphia, deprived the decedent of rights and privileges secured by the Constitution and laws of the United States including the due process clause of the 14th Amendment of the Constitution of the United States and the 4th Amendment of the Constitution of the United States as well as pursuant to the Constitution of the Commonwealth of Pennsylvania.

### COUNT I - Negligence - Unknown Officer No. 1

20.     Plaintiff incorporates averments 1 to 19 herein as if set forth at length.

21.     At all times relevant to the instant action defendants failed as to the following notwithstanding their standard duty of care:

   a.     to use due care to ascertain to a probable degree of certainty whether Unknown Officer no. 1 was under threat of death or serious bodily injury,

   b.     to avoid the use of excessive undue force in the arrest of the decedent,

   c.     to obey all statues, rules, regulations, and applicable laws, and

   d.     to preserve the peace and protect the lawful rights of citizens, and

   e.     to refrain from assaulting and/or battering the decedent.

22.     As a direct and proximate result of the above described illegal actions of defendant Unknown Officer No. 1, in his employ of the City of Philadelphia, and including his excessive and unnecessary use of force, plaintiff sustained severe physical injury and was prevented from transacting his usual business.

23.     In inflicting the described harm and injuries to plaintiff defendant officer acted maliciously and wantonly, intending to inflict physical pain and suffering on the plaintiff with plaintiff therefore entitle to punitive damages.

24.     If the death of Vincenzo Rudi had not occurred, Vincenzo Rudi would have been entitled to maintain an action and recover damages in respect of the wrongful actions of the Defendant.

25.     The wrongful actions of the Defendant as described above proximately caused the

Case ID: 240100345

death of Vincenzo Rudi , whose personal representatives are entitled to recover monetary damages from the Defendant.

WHEREFORE, the Plaintiffs demand judgment of and from the Defendant Unknown Officer No. 1 in the sum of exceeding fifty thousand ($50,0000) actual damages and punitive  damages, together  with  reasonable attorney's fees and all costs of Court herein.

## COUNT II - Negligence - City of Philadelphia

26.    Plaintiff incorporates averments 1 to 25 herein as if set forth at length.

27.    As a direct and proximate result of the above described illegal actions of defendant Unknown Officer No. 1,  while an agent, servant, and employee of defendant City of Philadelphia, including his excessive and unnecessary use of force, plaintiff sustained severe physical injury and was prevented from transacting his usual business.

28.    In inflicting the described harm and injuries to plaintiff defendant officer, while an agent, servant, and employee of defendant City of Philadelphia, acted maliciously and wantonly, intending to inflict physical pain and suffering on the plaintiff with plaintiff therefore entitle to punitive damages.

29.    If the death of Vincenzo Rudi  had not occurred, Vincenzo Rudi  would have been entitled to maintain an action and recover damages in respect of the wrongful actions of the Defendant.

30.    The wrongful actions of the Defendant as described above  proximately caused the death of Vincenzo Rudi , whose personal representatives are entitled to recover monetary damages from the Defendant.

WHEREFORE, the Plaintiffs demand judgment of and from the Defendant City of Philadelphia in the sum of exceeding fifty thousand ($50,0000) actual damages and punitive damages, together  with  reasonable attorney's fees and all costs of Court herein.

–5–

Case ID: 240100345

## COUNT III - SURVIVAL ACTION PURSUANT
## TO 20 Pa.C.S. 3373 and 42 Pa.C.S. 8302

31.      The Plaintiffs, individually and as Administrator of the Estate of the decedent, incorporate by reference each and every averment made in the previous paragraphs herein as if set forth at length.

32.      Plaintiffs bring this survival action under 20 Pa.C.S. 3373 and 42 Pa.C.S. 8302 and the applicable rules of Civil Procedure and decisional law.

33.      As a direct and proximate result of the wrongful actions of the Defendant Unknown Officer no. 1, while an agent, servant, and employee of defendant City of Philadelphia, as described above, the Plaintiffs have lost the consort, society, companionship, affection, income services, and support of Vincenzo Rudi and have suffered mental anguish and emotional distress because of the injury and death of Vincenzo Rudi.

34.      Also as a direct and proximate result of the wrongful actions of the Defendants as described above the plaintiffs suffered a loss of the decedent's "services" including society and comfort.

35.      The wrongful actions of both the Defendants as described above proximately caused the injuries suffered by the Plaintiffs who are entitled to recover monetary damages from the Defendant.

36.      As a direct and proximate cause of defendants' aforesaid acts of negligence, decedent suffered and perished with defendant liable to plaintiff for damages for the decedent's pain and suffering, his total estimated earnings potential less his estimated cost of personal maintenance, his loss of retirement and social security, any financial losses suffered as a result of his death, and his loss of enjoyment of life.

37.      Plaintiffs herein claim the full measure of damages under the Survival Act and decisional law interpreting the Act.

WHEREFORE, the Plaintiffs demand judgment of and from the Defendants in the sum of exceeding fifty thousand ($50,0000) actual damages and punitive damages, together with reasonable attorney's fees and all costs of Court herein.

Case ID: 240100345

## COUNT IV - WRONGFUL DEATH PURSUANT
## TO 42 Pa.C.S. 8301 and Pa. R.C.P.  2202(a)

38.     The Plaintiffs, individually and as Administrator of the Estate of the decedent, incorporate by reference each and every  averment made in the previous paragraphs herein as if set forth at length.

39.     Plaintiffs bring this survival action under 42 Pa.C.S. 8301 and Pa. R.C.P.  2202(a) and the applicable rules of Civil Procedure and decisional law.

40.     The decedent was survived by both his parents named herein as plaintiffs who are entitled to recover damages for their son's death.

41.     As a direct and proximate result of defendants' aforesaid negligence plaintiff suffered and defendant is liable for the funeral expenses of the decedent, expenses of administration related to decedent's injuries, and the plaintiff's deprivation and injury as a result of loss of support, comfort, counsel, aid, association, care and services of the decedent.

WHEREFORE, the Plaintiffs demand judgment of and from the Defendants in the sum of exceeding  fifty  thousand  ($50,0000)  actual  damages  and  punitive   damages,  together   with reasonable attorney's fees and all costs of Court herein.


## COUNT V - Punitive Damages

42.     The  Plaintiffs  incorporate  by  reference  each  and  every  averment  made  in  the paragraphs above.

43.      The wrongful actions of the Defendant Unknown Officer No. 1,  while an agent, servant, and employee of defendant City of Philadelphia, were willful and/or grossly negligent and were so wanton as to show a disregard for the safety of others, thus giving rise to an award of punitive damages against the Defendant.

44.     The intentional, willful, and wanton, reckless, deliberately indifferent, grossly negligent, and/or negligent acts and/or omissions of Defendant Unknown Officer No. 1, while an agent, servant, and employee of defendant City of Philadelphia, deprived the decedent of their rights, privileges, and/or immunities secured by the Constitution of the United States as well as the

– 7 –

Case ID: 240100345

Constitution of the Commonwealth of Pennsylvania.

45.    At the time of the attempted arrest Unknown Officer No. 1 acting under color of the laws and regulations of the Commonwealth of Pennsylvania and the City of Philadelphia Police Department the City of Philadelphia failed to adequately supervise, discipline, or train its officers including Unknown Officer No. 1 thereby enabling its agents and employees to act with deliberate indifference to the constitutional rights of individuals to the detriment of the decedent.

WHEREFORE, the Plaintiffs demand judgment of and from the Defendants in the sum of exceeding fifty thousand ($50,0000) actual damages and punitive damages, together  with reasonable attorney's fees and all costs of Court herein.

## COUNT VI - Section 1983 - Unknown Officer No. 1

46.    The Plaintiffs incorporate by reference each and every averment made in the paragraphs above.

47.    Defendant officer's actions against plaintiff, as described above, subjected plaintiff to a deprivation of rights and privileges secured to plaintiff by the Constitution and laws of the United States including the due process clause of the 14th Amendment of the Constitution of the United States, within the meaning of 42 U.S.C.A. 1983 and the 4th Amendment of the Constitution of the United States.

48.    As a direct and proximate result of the above mentioned unconstitutional acts of defendant Unknown Officer No. 1  plaintiff sustained severe physical injury, loss of life, and loss of his usual business.

49.    It was necessary for the plaintiff to hire the undersigned attorney to file this action. Upon judgment, plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C.1988(b).

WHEREFORE, the  Plaintiffs demand judgment of and from the Defendant Unknown Officer No. 1 in the sum of exceeding fifty thousand ($50,0000) actual damages and punitive damages, together  with  reasonable attorney's fees and all costs of Court herein.

Case ID: 240100345

## COUNT VII - Section 1983 - City of Philadelphia

50.     The Plaintiffs incorporate by reference each and every averment made in the paragraphs above.

51.     The above described actions of the defendant officer, while an agent, servant, and employee of defendant City of Philadelphia, subjected plaintiff to a deprivation of rights and privileges secured to plaintiff by the Constitution and laws of the United States including the due process clause of the 14th Amendment of the Constitution of the United States, within the meaning of 42 U.S.C.A. 1983 and the 4th Amendment of the Constitution of the United States.

52.     As a direct and proximate result of the above mentioned unconstitutional acts of defendant officer, while an agent, servant, and employee of defendant City of Philadelphia, plaintiff sustained permanent severe physical injury as well as loss of life and loss of his usual business.

53.     It was necessary for the plaintiff to hire the undersigned attorney to file this action. Upon judgment, plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C.1988(b).

WHEREFORE, the  Plaintiffs demand judgment of and from the Defendant City of Philadelphia in the sum exceeding fifty thousand ($50,0000) actual damages and punitive damages, together with  reasonable attorney's fees and all costs of Court herein.

## COUNT VIII - Vicarious Liability - Defendant City of Philadelphia

54.     The Plaintiffs incorporate by reference each and every averment made in the paragraphs above.

55.     Defendant City of Philadelphia is liable for all injuries and damages caused by:

a.     Intentional wrongful acts of its employees and/or agents committed during the course of employment and within the scope of their authority;

b.     intentional, willful, and wanton, reckless, deliberately indifferent, grossly negligent, and/or negligent acts and/or omissions which deprive citizens of their rights, privileges, and/or immunities secured by the Constitution of the United States as well as the Constitution of the Commonwealth of Pennsylvania;

c.     intentional and ultra vires conduct of its agents, employees, and officers; and

Case ID: 240100345

        d.      negligent and otherwise wrongful violations of ministerial duties.

56.    The conduct of defendant Unknown Officer No. 1 described above, constitutes:

        a.      Intentional wrongful acts of its employees and/or agents committed during the course of employment and within the scope of their authority;

        b.      intentional, willful, and wanton, reckless, deliberately indifferent, grossly negligent, and/or negligent acts and/or omissions which deprive citizens of their rights, privileges, and/or immunities secured by the Constitution of the United States as well as the Constitution of the Commonwealth of Pennsylvania;

        c.      intentional and ultra vires conduct of its agents, employees, and officers; and

        d.      negligent and otherwise wrongful violations of ministerial duties.

WHEREFORE, the Plaintiffs demand judgment of and from the Defendant City of Philadelphia in the sum exceeding fifty thousand ($50,0000) actual damages and punitive damages, together with reasonable attorney's fees and all costs of Court herein.

Respectfully Submitted,

_____/s/ Jon Marshall_____
Jon Marshall
Attorney for Plaintiff

Case ID: 240100345

<u>VERIFICATION</u>

     I verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief.  I understand that the statements made therein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsifications to authorities.

\_\_\_\_\_10-14-2024_____          \_\_\_\_/s/ Domenic Rudi_____

–11–

Case ID: 240100345

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing document upon all parties or their attorney of record by:

    ___x___        regular First Class Mail or

    _____        certified mail

    ___x___        via Court of Common Please online filing system

                                       ___/s/ Jon Marshall_____
                                       Jon Marshall
                                       Attorney for Plaintiff

Case ID: 240100345