IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ESTATE OF VINCENZO RUDI et al** *Plaintiffs,* | : <br> : <br> : |
| v. | :     No. 24-cv-5904 <br> : |
| **CITY OF PHILADELPHIA et al** *Defendants.* | : <br> : |

## MEMORANDUM

Plaintiffs Estate of Vincenzo Rudi, Dominic Rudi, and Sandra Rudi bring this action against the City of Philadelphia ("City") and Unknown Officer No. 1. The City filed a motion to dismiss, and for the reasons that follow, that motion is granted.

### I. FACTUAL BACKGROUND

On January 2, 2022, Unknown Officer No. 1 attempted to arrest Vincenzo Rudi ("decedent") pursuant to an arrest warrant at decedent's car repair garage. ECF No. 3 ¶ 12 [hereinafter Am. Compl.]. The Amended Complaint does not explain the lead up to the shooting, but Unknown Officer No. 1 fired, at least twenty times, "his Sig Saur M400 rifle wherein decedent was shot behind a vehicle in the back of decedent's car repair garage." *Id.* ¶¶ 12, 20. The decedent also used a firearm and attempted to fire it once from the back of his garage. *Id.* ¶ 17. Decedent was pronounced dead later that day. *Id.* ¶ 13. Plaintiffs averred that there was no indication that Unknown Officer No. 1 attempted to talk to the decedent prior to shooting the decedent, even though Unknown Officer No. 1 was in the front doorway of the garage and decedent was in the back of the garage. *Id.* ¶¶ 14, 18-19. Apparently, information about decedent's mental health was given to the police prior to the attempted arrest. *Id.* ¶ 15. Police were strongly urged to take

1

decedent's mental health into account when making the arrest, but Plaintiffs claimed the police did not do so. *Id.* ¶ 16.

Plaintiffs—Estate of Vincenzo Rudi, and Dominic Rudi and Sandra Rudi (parents of the decedent)—claimed that the City is also liable because Unknown Officer No. 1 acted under "color of law as an employee/servant/agent of the City of Philadelphia, deprived the decedent of rights and privileges secured by the Constitution and laws of the United States including the due process clause of the 14th Amendment of the Constitution of the United States and the 4th Amendment of the Constitution of the United States as well as pursuant to the Constitution of the Commonwealth of Pennsylvania." Am. Compl. ¶¶ 2, 21.

Plaintiffs alleged ten counts in their Amended Complaint: Count I, negligence against Unknown Officer No. 1; Count II, negligence against the City; Count III, survival action against both defendants; Count IV, wrongful death against both defendants; Count V, claim for punitive damages against both defendants; Count VI, a Section 1983 claim against Unknown Officer No. 1, alleging violations of constitutional rights including due process; Count VII, a Section 1983 claim against the City of Philadelphia, alleging violations of constitutional rights, including due process; Count VIII, vicarious liability against the City of Philadelphia; Count IX, "Deprivation of Rights Under the Pennsylvania Constitution," apparently against both defendants; and Count X, "Violation of Ministerial Duties," apparently against both defendants.

## II. LEGAL STANDARD

A defendant may move to dismiss a lawsuit for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a [plaintiff's] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

2

*Twombly*, 550 U.S. 544, 570 (2007)).  When ruling on a Rule 12(b)(6) motion to dismiss, this Court accepts Plaintiffs' allegations in their Amended Complaint and makes reasonable inferences based on the facts, in the light most favorable to Plaintiffs.  *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016).  This Court need not accept legal conclusions and conclusory statements in Plaintiffs' Amended Complaint.  *Id.*

## III.   DISCUSSION

The counts pertaining to the City are Counts II, III, IV, V, VII, VIII, IX, and X.  Count II is dismissed, with prejudice, against the City.  Plaintiffs Dominic Rudi and Sandra Rudi's claims in Counts III and IV are dismissed, with prejudice, against the City.  Count V is dismissed, with prejudice, against the City.  Count VII is dismissed, without prejudice, against the City.  Count VIII is dismissed, with prejudice, against the City.  Plaintiffs have voluntarily withdrawn Counts IX and X.  ECF No. 5 at 10 [hereinafter Pls.' Resp.].

### A. Counts II, V, and VIII: The City is Immune from Plaintiffs' State Law Claims.

The Pennsylvania Tort Claims Act ("PTCA") states "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. Cons. Stat. § 8541.  Tort immunity of the City is an "absolute defense."  *McShea v. City of Philadelphia*, 606 Pa. 88, 99 (2010).  The PTCA provides nine enumerated exceptions to governmental immunity, though none are applicable here.  *See* 42 Pa. Cons. Stat. Ann. § 8542. Therefore, the City cannot be liable under state law for tortious conduct, including Counts II (negligence), V (punitive damages), and VIII (vicarious liability, deriving from Unknown Officer No. 1's tortious conduct).

3

Plaintiffs argued that Section 8550 revokes the City's immunity because Unknown Officer No. 1's actions constituted willful misconduct. Section 8550 states "[i]n any action against a local agency . . . in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply." 42 Pa. Cons. Stat. § 8550. Notably, Section 8550 does not null immunity for Sections 8541 and 8542, which relate to governmental immunity, and so reference to Section 8550 does nothing to advance Plaintiffs' argument.

### B. Counts III and IV: Dominic Rudi and Sandra Rudi Cannot Individually Assert Survival and Wrongful Death Actions.

Survival and wrongful death actions may only be brought by a representative of a decedent's estate. See *Bouchon v. Citizen Care, Inc.*, 176 A.3d 244, 259 (2017) ("an individual, even if he or she qualifies as a wrongful death beneficiary, may not institute an action individually on his or her own behalf."); *see also Ferencz v. Medlock*, 905 F. Supp. 2d 656, 671 (W.D. Pa. 2012) (". . . Pennsylvania law clearly states that an action for wrongful death shall only be brought by the personal representative of the decedent for the benefit of those persons entitled by law to recover damages for such wrongful death."). Even though Dominic Rudi and Sandra Rudi may be the proper beneficiaries of the decedent's estate, they may not bring these claims against the City in their individual capacity. Dominic Rudi may bring these claims as the personal representative of the Estate of Vincenzo Rudi. Consequently, Dominic Rudi and Sandra Rudi's claims in Counts III and IV are dismissed against the City, but the Estate of Vincenzo Rudi's claims in Counts III and IV remain alive.

### C. Count VII: Plaintiffs' Complaint Failed to Plead Adequately a Section 1983 Claim Against the City.

Plaintiffs' allegations in Count VII are lackluster. The Amended Complaint does not clearly articulate the theory underlying Plaintiffs' Section 1983 claim against the City. To the extent Plaintiffs claimed Section 1983 liability by way of respondent superior, that is dismissed. *See McGreevy v. Stroup*, 413 F.3d 359, 367 (3d Cir. 2005) ("a municipality cannot be held liable under § 1983 for the constitutional torts of its employees by virtue of respondeat superior."). To the extent Plaintiffs claimed Section 1983 liability by way of a *Monell* claim, as argued in Plaintiffs' response, such claim is deficient under Federal Rule of Civil Procedure Rule 8. Pls.' Resp. at 9-10. Plaintiffs asserted for the first time in its response to the City's motion to dismiss that the City was liable under *Monell* for its "policy or custom." *Id.* at 10. Plaintiffs cannot supplement their pleading with new allegations or facts in their response to a motion to dismiss; the correct procedure is to seek leave to amend. Even so, the allegations in Plaintiffs' brief fall short of making out a plausible *Monell* claim. *Wood v. Williams*, 568 F. App'x 100, 104 (3d Cir. 2014) ("Simply paraphrasing § 1983 does not meet Rule 8's pleading requirements because it fails to satisfy the rigorous standards of culpability and causation required to state a claim for municipal liability.") (cleaned up).

Plaintiffs also requested discovery to make out its *Monell* claim. However, because Plaintiffs have not satisfied Rule 8's pleading standard, this Court cannot grant limited discovery to help them reach that standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."). The Court dismisses Count VII, without prejudice. If Plaintiffs can allege more facts to support a Section 1983 claim against the City, then they may move to amend their complaint.

## IV. CONCLUSION

For the forgoing reasons, Count II, V, and VIII are dismissed, with prejudice, against the City. Plaintiffs Dominic Rudi and Sandra Rudi's claims in Counts III and IV are dismissed, with prejudice, against the City. Count VII is dismissed, without prejudice, against the City. Counts IX and X are dismissed because Plaintiff voluntarily dismissed the claims.

BY THE COURT:

_____
**HON. KAI N. SCOTT**
**United States District Court Judge**